POLLY MOKUNUI, by her father, Peter Nowlein, *vs.* MOKE

MOKUNUI.

APPEAL FROM JUDD, C. J.

HEARING, DECEMBER 23, 1891.  DECISION, JANUARY 27, 1892.

JUDD, C.J., McCULLY, BICKERTON AND DOLE, JJ.

A petition for annulment of marriage, on the ground of non-age, was re-
fused, the proofs not sustaining the allegations.

OPINION OF THE COURT, BY BICKERTON, J. DOLE, J., DISSENTING.

This matter comes here on appeal from the judgment of the
Chief Justice, who heard the cause at Chambers and dismissed
the petition.  The petitioner claims the annulment of her mar-
riage with Moke Mokunui, on the ground that at the time of
said marriage she was not of legal age, viz., fourteen years, but
was only twelve years old.  It was proved that the marriage
between the parties took place at Kalalau, in the island of Kau-
ai, on the 28th of July, 1888.

This case depends purely on a question of fact as to the age
of Polly.  There is considerable evidence on this point, but it is
of a very uncertain nature, excepting as to the statements made
by the father, Peter Nowlein, to the parents of Moke about the
time of marriage, and also to Mr. Kakina who granted the mar-
riage license, that his (Nowlein's) daughter was over fourteen
years old.  This evidence is positive and certain.  The fact of
Mr. Nowlein having made these statements stands uncontra-
dicted by him, and it is fair to presume that they were true.

We are of opinion that the evidence sustains the findings of
the Chief Justice.  We therefore sustain his opinion, and adopt
it as the decision of this Court.

OPINION OF THE CHIEF JUSTICE, APPEALED FROM.

This is a petition by the father of one Polly Mokunui, for the annulment of her marriage with one Moke Mokunui, on the ground that she was not, at the time, of legal age, being then only twelve years old, having been born on the 24th of June, 1876. The petition was filed on the 18th of April, 1891, and owing to various hearings and continuances that were granted to obtain evidence, the case was not closed until July 28th. I was liberal in granting continuances as the case was perplexing and the evidence contradictory and I wished all the light possible.

It is proved that the marriage between the parties took place at that remote and secluded place, Kalalau, on the island of Kauai, on the 28th day of July, 1888. It was solemnized by Rev. S. K. Oili, the pastor of Hanalei, the license to marry having been issued by J. Kakina, Esq., of Hanalei. The wedding was a great occasion in the village. A feast was held to which guests from Hanalei came, the father of the respondent being a man of some property and consequence in Kalalau. There were present the two district judges of Hanalei and Kawaihau and two clergymen. The bride's parents, Mr. and Mrs. P. Nowlein, had gone to Kalalau some time before this with a sick boy, and were guests of the groom's parents, who say that when the marriage was proposed Mr. Nowlein said his daughter was over 14 years old. The same statement was testified to as having been made by Mr. Nowlein to Mr. Kakina when the marriage license was obtained. The respondent is proved to have been born in October, 1869, and he was therefore past the marriageable age at the time of the wedding. This young couple lived happily enough together until Mr. and Mrs. Nowlein, their sick boy having died, determined to return home to Hanalei. They wished the young people to return home with them, and after many remonstrances by the young man, who was sick, he went with them to Anahola. After a short time he desired to return to his home with his wife, but this was refused by Mr. and Mrs. Nowlein and he returned without her. Mr.

Nowlein told him he would have to get his wife through law proceedings, as she was not of legal age when she was married. This was in March, 1889. The parties lived together some seven and a half months, were separated and have not lived together since. A petition by the woman for divorce on the ground of her husband's desertion was heard by me at Kauai in March, 1891, and refused because the facts shown were that the husband had returned to his own home and it was his wife's duty to go with him, and it was not his duty to remain with his father-in-law in order to keep with his wife.

A great deal of evidence has been adduced to show that the woman was born in 1876, as alleged. The testimony is from members of the family and neighbors. No written memoranda have been produced, however. Children were testified to as having been born to Mr. and Mrs. Nowlein in 1870, 1872, 1874, 1876 and 1878, and one of them, James Kepio, said to have been born in 1874, was present in Court. Many of the petitioner's witnesses impressed me favorably, especially Laumaewa, a brother of the late District Judge H. J. Wana. He says that he first saw Polly in 1876, the year that his brother Wana was elected as a Representative, and thinks she was not a year old, perhaps only four or five months old, when he saw her. Wana had been gone two or three months to Honolulu when he first saw her. Wana must have gone to Honolulu as a Representative in April, 1876, and adding the three to the five months this would make Polly born in the previous year, 1875. To be of legal age at her marriage on 28th July, 1888, she must have been born before July 28th, 1874. But Laumaewa may have misjudged her age by her appearance; she is now an undersized person and may have been a small baby for her age.

Rev. A. Pali, who was a former pastor at Hanalei, testifies, under a commission, that when he left Hanalei in 1875, Peter and Lahela Nowlein then had three children, the last one being a girl (presumably Polly), but he does not know how many years old she was when he left Kauai.

I am very reluctant to decree an annulment of marriage unless the proofs are plenary. These young people, I think,

would never have separated except for the unreasonable request of Polly's parents that she and her husband live with them. I am the more averse to granting this petition because it was a great wrong for Mr. Nowlein to put out that his daughter was over 14 years of age and marriageable, and then set up her non-age against the husband when he wished to keep her with him. He knew, or ought to have known, what the marriageable age was, and he knew then just how old his daughter was. I am inclined to believe that his first statement to the parents of Moke and others is more likely to be correct, if any credence can be given to his testimony. But I am authorized by the law to refuse to annul the marriage if the parties have for any time freely cohabited as man and wife after attaining legal age. And I have come to the belief, following Mr. Pali's testimony, that Polly must have been born early in 1875, and as she and her husband did not separate until March, 1889, she had then attained the age of fourteen. I therefore dismiss the petition.

### Dissenting Opinion of Dole, J.

The opinion of the trial justice, which is adopted as the opinion of the Court, is based chiefly on the hearsay evidence of the father of the plaintiff, who, according to the testimony of Kakina, the officer granting marriage licenses, and his clerk, reported her as fifteen years old in 1888, when he procured her marriage license, and, according to the parents of the respondent, represented her as fourteen years old at the time the marriage was negotiated.

It appears, on the other hand, from the evidence, that the parents of the plaintiff now testify that she was born June 24th, 1876. James Kepio, her elder brother, says that his parents told him that she was born in 1876; Lokia, who says he is an intimate acquaintance of the family, testifies that the plaintiff was born in June, 1876; that he lived in the same house at the time and made a memorandum of the event, and helped to take care of her. J. Loka, District Judge of Kawaihau, testified that he was married to plaintiff's aunt, and thinks the plaintiff was born June 26th, 1876, that she was born at his place and he

tried to delay the marriage because he knew she was not old enough.

The Court below further argues from the testimony of Laumaewa, witness for the plaintiff, and Pali, witness for the defendant, that the plaintiff was born in 1875.

The substance of Laumaewa's testimony on this point is as follows: "I saw her in 1876 on Kauai; she was very small—a mere babe in arms. Don't know if she could crawl. Wana, my brother, was elected to the Legislature that year. He had been gone to the Legislature two or three months when I first saw petitioner. I cannot say how old she was, perhaps three or four or five months, but I cannot say; it is a conjecture of mine merely."

As the Legislature met that year late in the month of April, it may well have been after June when he saw the baby, as it was two or three months after his brother went to the Legislature. As to his admissions that she may have been three or four or five months old, they are valueless, as he said they were merely conjectures. So this evidence of Laumaewa, by the reasonable and almost necessary construction, agrees with and supports that of her parents as to the birth of the plaintiff in June, 1876.

The following is the substance of Pali's testimony on this point: "I knew Nowlein and Lahela, his wife, at Hanalei from 1868 to 1875; I knew or saw a daughter of theirs, but didn't know her name; I knew or saw three children, and only knew the name of the eldest, which was Makainui; I don't know the month or the year when Polly was born, or how old or how large she was, or whether she could walk when I came away in 1875; she was born long after my arrival there in 1868; I was a clergyman at Hanalei when the children were born, and it is only a conjecture of mine (*manao wale ko'u*) that Polly was one of them."

This is the evidence that led the Trial Justice to the belief that Polly must have been born early in 1875—before the month of March. My mind is not led to that conclusion, which is not supported by any other evidence in the case except the reported

statements of the father at the time of the marriage. The most favorable construction to Laumaewa's evidence could not put Polly's birth earlier than the last month of 1875. Kuula, another witness, says he was in Hanalei in November or Decem-1877, when he saw Nowlein's children, one of whom he believes was the plaintiff; she was very small and was beginning to walk—could walk, but was not steady on her feet.

This is not very definite evidence, but it corresponds with the theory that the plaintiff was born in June, 1876, which would make her eighteen months old, rather than before March, 1875, which would make her two years and nine months old or more when Kuula saw her, which may be regarded as a rather advanced age for a child to be learning to walk.

It appears by the evidence of the plaintiff's father and of J. Loka, that James Kapio, her next elder brother, was born September 5th, 1874. This is not disputed, and makes the theory of the decision appealed from that the plaintiff must have been born early in 1875, or before the month of June, physically impossible, and renders it unlikely that she was born at any time in the year 1875. By this circumstance, therefore, of the time of her brother's birth, she could not by any possibility have been 14 years old, either when the marriage took place, July 25th, 1888, or when they separated in March, 1889.

It is satisfactorily proven to my mind by a preponderance of evidence that the plaintiff was born in 1876, probably in the month of June, and was consequently under the age of fourteen at the time of the marriage in July, 1888, and also at the time of the separation in March, 1889, and is therefore entitled to a decree of annulment of the marriage.

*A. Rosa,* for petitioner.

*J. H. Barenaba* and *J. M. Kaneakua,* for respondent.